UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20015-CIV-UNGARO

CHRISTIAN ANGARITA,
LUIS ANGARITA,

      Petitioners,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Petitioner Christian Angarita's and Petitioner Luis Angarita's (collectively, "Petitioners") Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255, filed January 5, 2009 (the "Petition"). (D.E. 1, hereinafter "Pet.")  The matter was referred to Magistrate Judge Andrea M. Simonton, who, on May 24, 2010, issued a Report recommending that the Petition be denied. (D.E. 14.)  The parties were afforded the opportunity to respond to the Magistrate Judge's Report, and on June 23, 2010, Petitioners filed an Appeal from Magistrate Judge's Report and Recommendation Entered on May 24, 2010.[1]  (D.E. 19.)  And on July 7, 2010, the Government filed a Response in Opposition to Petitioners' Appeal from Magistrate Judge's Report and Recommendation Entered on May 24, 2010.  (D.E. 20.)

THE COURT has considered the Petition and the record as a whole and is otherwise fully advised in the premises.

By way of background, Petitioners were each convicted after entering pleas of guilty to

---

[1] Though Petitioners label their filing an "appeal," it is more properly denominated "objections" to the Magistrate Judge's Report; the Court, accordingly, will refer to the filing as such.

one count of conspiracy to defraud the United States by obstructing the administration of the Medicare program, in violation of Title 18 U.S.C. § 371, and one count of conspiracy to commit health care fraud, in violation of Title 18 U.S.C. § 1349.  Each Petitioner signed a Plea Agreement and an Agreed Factual Basis for Guilty Plea ("Factual Basis"); included in each plea agreement was a waiver by the Defendants of their right to appeal the conviction or sentence and waiving the right to collaterally attack the conviction or sentence.  (D.E. 7, Ex. 1, 2, 4, 5, 6.)  On October 16, 2007, the undersigned engaged each Petitioner in a lengthy plea colloquy prior to accepting Petitioners' guilty pleas.  (D.E. 7, Ex. 4.)  And on December 20, 2007, the Court sentenced Christian Angarita to a total of 57 months' imprisonment and Luis Angarita to a total of 51 months' imprisonment.  (Case No. 07-20669-CR-UNGARO, hereinafter "Cr. Case,", D.E. 49, 50.)

In the instant Petition, the Petitioners argue that their sentences should be vacated because their trial counsel was ineffective in the following respects:

> a) Trial counsel's failure to review discovery, and in particular the billings to and payments by Medicare, precluded him from learning facts pertinent for plea bargaining purposes and guideline calculations that would have lessened Petitioners' sentences;
> b) Trial counsel's (mis)advice to Petitioners to accept various terms of the plea agreements the government offered them, even though these terms were unsupported by the facts and contrary to the law and led to the imposition of sentences that were higher than they should have been; and
> c) Trial counsel's failure to seek enforcement of a grant of immunity, under which Christian provided the government evidence about crimes other than those for which he was indicted, coupled with his advice Christian stipulate (in his plea agreement) to the adverse use of such information, resulted in a higher sentence than he should have received.

(D.E. 1, at 3.)

In her Report, the Magistrate Judge recommends that the Petition be denied because Petitioners' challenges to their respective sentences are precluded by the waivers Petitioners signed at the time of their changes of plea.  Further, even if their challenges were not precluded by waiver, Petitioners have failed to demonstrate that they are entitled to relief on their claims of ineffective assistance of counsel, because their counsel's performance was not deficient and Petitioners have failed to establish that they suffered any prejudice as a result of counsel's allegedly deficient performance.

## Petitioners' Objections

Petitioners raise several objections to the conclusions and recommendations contained in the Magistrate Judge's Report.  The Court will consider each in turn.

<u>Validity of Waiver and Preclusion of Claims</u>

First, Petitioners argue that their waivers of the right to collaterally attack their sentences were invalid because Petitioners did not intelligently waive their right to raise claims of ineffective assistance of counsel.  (D.E. 19, at 4–5.)  Petitioners note that their plea agreements did not explicitly state that "they were waiving their rights to pre-plea effective assistance of counsel." (*Id.* at 5.)  Likewise, Petitioners argue, at the plea colloquy, the Court did not question Petitioners on their intent to waive this right.  (*Id.*)

Petitioners' objection lacks merit because the plea agreements were sufficiently specific to inform Petitioners of the content of the appeal waivers, and the Court sufficiently inquired as to Petitioners' intent to enter into such agreements at the change of plea hearing.  The plea agreement for each Petitioner states as follows:

> [I]n exchange for the undertakings made by this Office, in this plea agreement, the Defendant hereby waives all rights conferred by Title 18, United States Code Section 3742 to appeal the conviction, any sentence imposed … or to collaterally attack the conviction, any sentence imposed or the manner in which the sentence was imposed, including any restitution order, pursuant to Title 28, United States Code, Sections 2255, 2254, 2241, or any other applicable provision, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing.

(D.E. 7, Ex. 1 & 2.)  And at the plea colloquy, the Court reviewed the provisions of the appeal waivers, including the provision waiving the Petitioners' rights to collaterally attack their convictions and sentences.  (D.E. 7, Ex. 4, at 13.)  The Court confirmed with each Petitioner that he had discussed the appeal wavier with counsel and understood and agreed to this specific term of the agreements.  (*Id.* at 13–14.)  The undersigned found that each Petitioner was fully competent and capable of entering an informed plea and that each Petitioner entered a knowing and voluntary plea supported by an independent basis in fact.  (*Id.* at 19.)

      The Court of Appeals for the Eleventh Circuit has held that for a sentence-appeal waiver to be enforceable, the government must show either that the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) (applying this test to collateral attack waivers).  In *Williams*, the plain language of the plea agreement informed the petitioner that he was waiving a collateral attack on his sentence, and the district court questioned the petitioner on the specifics of the agreement.  The district court found that the petitioner had entered the agreement, including the

4

waiver, knowingly and voluntarily. *Id.* at 1342. On these facts, the Court of Appeals held that the sentence-appeal wavier was indeed entered knowingly and voluntarily and thus precluded a § 2255 claim based on ineffective assistance at sentencing.

The case at bar presents very similar facts to those in *Williams*. Here, the plain language of the appeal waiver informed Petitioners that, by entering the plea agreement, they waived their right to collaterally attack their sentences. And, as in *Williams*, the undersigned specifically questioned Petitioners regarding this clause of the agreement and determined that each entered the plea agreement, including the waiver, knowingly and voluntarily. (D.E. 7, Ex. 4, at 13–14.) There is no suggestion either in the Petition or on the record to contradict Petitioners' sworn statements to the Court indicating that they fully understood their appeal waivers. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1988) (holding that there is a strong presumption that the statements made during a plea colloquy are true). On these facts, the Court is satisfied that Petitioners knowingly and intelligently waived their rights to bring a collateral attack against their sentences; the waivers are thus enforceable. *Accord Williams*, 396 F.3d at 1342.

Petitioners next argue that the Magistrate Judge incorrectly concluded that Petitioners' claims are precluded by their appeal waivers, because the alleged ineffective assistance of counsel took place "pre-plea." (D.E. 19, at 4.) Petitioners argue that the Magistrate Judge failed to cite to a single precedent that supports the notion that counsel can "do nothing in terms of pre-plea preparation, a default that prejudices his client, and escape being ineffective." (*Id.*) In support of their argument, Petitioners point to the holding in *United States v. Patel*, 252 Fed. App'x 970, 974 (11th Cir. 2007), where the Court of Appeals for the Eleventh Circuit held that an otherwise valid appeal waiver will not preclude claims brought pursuant to § 2255 that

5

challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel.

In their objection, Petitioners focus on the temporal aspect of their claims of ineffective assistance of counsel; they argue that claims of "pre-plea" ineffective assistance of counsel cannot be waived. (Pet. at 5.) However, the temporal line drawn by Petitioners is not recognized as a decisive distinction by the Court of Appeals for the Eleventh Circuit. The appellate court in *Patel* held that an appeal waiver will not preclude an ineffective assistance claim where the alleged ineffective assistance rendered invalid the plea or waiver. *Patel*, 252 Fed. App'x at 974. Though such acts by counsel necessarily take place "pre-plea," *Patel* does not stand for the proposition that any alleged instance of ineffective assistance of counsel that takes place before a defendant enters a guilty plea can be collaterally attacked despite an appeal waiver. That the misconduct complained of took place "pre-plea" is necessary but not sufficient to avoid preclusion under an appeal waiver. Such claims survive the waiver only where the alleged misconduct rendered the plea or appeal waiver invalid. *Patel*, 252 Fed. App'x at 974.

As noted by the Magistrate Judge, Petitioners do not argue that they are innocent of the crimes to which they pleaded guilty; nor do they argue that they would not have entered guilty pleas but for the alleged misconduct of counsel. (D.E. 14, at 25.) Petitioners also do not argue that their pleas or the appeal waivers contained therein were in any way coerced. (*See* Pet.) On these facts, the Court has no basis on which to conclude that the alleged misconduct of counsel rendered Petitioners guilty pleas, in general, or the appeal waivers, in particular, invalid. Accordingly, the Court concurs with the Magistrate Judge's conclusion that Petitioners' claims are precluded by the appeal waiver each agreed to in his respective plea agreement.

Claims of Ineffective Assistance of Counsel

Petitioners next object to the Magistrate Judge's conclusion that, even were their claims not precluded by their appeal waivers, Petitioners are not entitled to relief on their various claims of ineffective assistance of counsel.

In their Petition, Petitioners argue that counsel was ineffective for advising Petitioners to accept plea agreements that included stipulations to incorrect loss amounts, thereby subjecting Petitioners to higher sentences than were proper. Specifically, Petitioners argue that, under § 2B4.1 of the United States Sentencing Guidelines—the section under which the parties agreed the loss amount should be calculated—the loss amount should have been determined using the "benefit conferred," rather than the "intended loss" figure that was ultimately used. (Pet. at 10.) The Magistrate Judge concluded that counsel was not ineffective for failing to challenge the calculation of the loss amount because the calculation was correct. (D.E. 14, at 35–39.) Petitioners object to the Magistrate's conclusion and maintain that a different amount should have been used to calculate the loss amount. (D.E. 19, at 11–12.)

The undersigned finds that Petitioners have failed to meet their burden to show that counsel was ineffective for advising Plaintiffs to accept plea agreements that stipulated to the loss amounts in issue, because even were the loss amounts improperly calculated, Petitioners have not shown that they were prejudiced by counsel's failure to challenge the loss calculation. Though Petitioners argue that their guidelines sentences should have been calculated using figures representing the "benefit conferred" rather than the "intended loss" figure actually used, in neither the Petition nor in their objections to the Magistrate Judge's Report do Petitioners offer any evidence that using a different, "benefit conferred" figure would have resulted in a lower

guidelines sentence range.  (*See* D.E. 1; D.E. 19.)  As such, Petitioners have failed to show that they suffered any prejudice as a result of counsel's advice that they accept plea agreements that stipulated to the use of the loss amounts in issue.  Accordingly, Petitioners are not entitled to relief on this claim.

Petitioners' next objection concerns counsel's advice that they enter into Plea Agreements that stipulated to the application of an enhancement to each Petitioner's guidelines sentence pursuant to Section 3B1.1 of the United States Sentencing Guidelines.  That Section provides for a four-level enhancement "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1.  Both Petitioners agreed to the application of this enhancement in their plea agreements, noting that the Petitioners recruited beneficiaries to participate in the scheme. (D.E. 7, Ex. 1 ¶ 12(c); D.E. 7, Ex. 2 ¶ 12(c).)

Application Note 2 of the commentary to Section 3B1.1 provides that, for the enhancement in question to apply, a defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.  There is ample reason for the Court to conclude that the enhancement was properly applied here.  First, each Petitioner agreed in his sworn Plea Agreement that the enhancement should be applied to his guidelines sentence determination. (D.E. 7, Ex. 1 ¶ 12(c); D.E. 7, Ex. 2 ¶ 12(c).)  And at their plea colloquies, the undersigned specifically questioned Petitioners regarding this provision of their Plea Agreements. (D.E. 7, Ex. 4, 11:4–6.)  Each Petitioner swore that he understood and agreed to this provision. (*Id.* at 12:17–20; 13:1–5.)

8

However, even were the Court to disregard the Petitioners' sworn plea agreements consenting to the application of the enhancement, there is a sufficient basis in the Factual Basis each Petitioner adopted in his plea colloquy to conclude that each was an organizer or leader of the scheme. These statements—included in both of Petitioners' Factual Bases—provide as follows:

> The defendant and his co-defendant entered into an arrangement with Dr. Westerberger whereby she agreed to sign prescriptions for the defendants' beneficiaries, in return for kickback payments. The defendants would deliver the medical equipment that was listed on the prescriptions signed by Dr. Westerberger to the beneficiaries and then submit fraudulent Medicare claims through Medical 2000 seeking reimbursement for the cost of such equipment.
> Because the defendant and his co-defendant, through Medical 2000, could not submit claims to Medicare directly for aerosol prescriptions, the defendant and his co-defendant would send the prescriptions that called for "compounded" aerosol medications to certain pharmacies, thereby causing those pharmacies to submit false and fraudulent claims to the Medicare program.

(D.E. 7, Ex. 5; D.E. 7, Ex. 6.) At their plea colloquies, Petitioners affirmed under oath that they had reviewed with counsel the facts contained in the Factual Bases and agreed to their veracity. (D.E. 7, Ex. 4, at 19.)

The Court concurs with the Magistrate Judge's conclusion that the enhancement was properly applied. Despite Petitioners' objection to the contrary, for the enhancement in question to apply, each Petitioner needed to supervise just one other participant in the scheme. U.S.S.G. § 3B1.1 comment. n. 2. *See United States v. Yeager*, 331 F.3d 1216, 1226–27 (11th Cir. 2003). And though Petitioners argue that the holding in *Yeager* does not support the conclusions reached in the Magistrate Judge's Report, they fail to provide any basis for such argument. *Yeager*

clearly states that the enhancement in issue may be applied if the defendant acts in a supervisory role over just one other participant in the fraudulent scheme. *Id.* And the facts in the case at bar support the application of that enhancement. (*See* D.E. 7, Ex. 5 & 6.) Because the enhancement was properly applied, counsel was not ineffective for advising Petitioners to enter into Plea Agreements that stipulated to its application. *See Ladd v. Jones*, 864 F.2d 108, 109–10 (11th Cir. 1989) (holding that an attorney is not ineffective for failing to raise a meritless issue).

Finally, Petitioner Christian Angarita ("Christian") argues that counsel was ineffective for failing to "seek enforcement of a grant of immunity, under which Christian provided the Government with information about crimes other than those for which he was indicted" and for advising Christian to enter into a Plea Agreement in which he stipulated to the adverse use of this information, resulting in a higher sentence than he would have otherwise received. (D.E. 1, at 3.)

In her Report, the Magistrate Judge concludes that Petitioner Christian Angarita's claim of ineffective assistance of counsel fails because the Government was not barred from including the information Christian provided as relevant conduct for sentencing purposes; thus, counsel's failure to object to such use was not deficient and Christian suffered no prejudice. The Report notes that the immunity letter in question, dated September 21, 2007 states in relevant part:

> Should any prosecution be brought against Mr. [Christian] Angarita by the United States, the United States will not offer into evidence in its case-in-chief any statements made by [Christian] pursuant to the proffer agreement, except in a prosecution for false statements, perjury, or obstruction of justice arising out of his proffer.

(D.E. 7, Ex. 7, at 1–2.) The letter clearly states only that the Government may not use Christian's statements in its case-in-chief against him; the Magistrate Judge thus concludes that the

10

Government's use of the information Christian provided at his sentencing did not violate the terms of the agreement. Counsel's failure to object to the use of the information and failure to advise Christian not to enter into a Plea Agreement that stipulated to such information, was thus not constitutionally deficient.

In his Objections, Christian argues that the terms of the letter are "clear and unambiguous. As a result, the law requires that their plain meaning govern." (D.E. 19, at 15.) While the undersigned is in agreement with Petitioner that the terms of the letter are clear, the Court reaches an opposite conclusion than the one urged by Petitioner. The terms of the September 21, 2007 letter clearly state that the Government may not use Christian's statements against him in its case-in-chief in any prosecution; it does not, however, bar the use of the information he provided as evidence of relevant conduct for sentencing purposes. (*See* D.E. 7, Ex. 7.)

Christian further argues that Section 1B1.8(a) of the Sentencing Guidelines prohibits the use of self-incriminating information, provided by a defendant pursuant to a proffer agreement, to calculate his applicable guidelines sentence range. (D.E. 19, at 16.) That section provides:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to that agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8(a). The Magistrate Judge notes in her Report that §1B1.8(a) of the Sentencing Guidelines thus restricts the use of self-incriminating information provided by a defendant by proffer only to the same extent as the immunity letter. (D.E. 14, at 49.) Petitioner argues in his

11

objections that this provision of the Guidelines precludes a court from considering a defendant's disclosures made in the course of his cooperation with the government for sentencing purposes unless the proffer agreement expressly provides for such consideration. (D.E. 19, at 16.)

 The Court finds that, for the reason given below, it was not improper under §1B1.8(a) for the Court to consider the evidence of Christian's other crimes as relevant conduct; counsel was thus not ineffective for failing to object to the use of this information. Regardless of the terms of a proffer agreement such as the one at issue here, a court may use information provided by a defendant pursuant to a proffer agreement for sentencing purposes without running afoul of the prohibition contained in § 1B1.8(a), so long as the information is obtained from a source other than the Government. *United States v. Pham*, 463 F.3d 1239, 1244 (11th Cir. 2006) (per curiam).

 Here, the independent source of the information was Christian himself. *See United States v. Rivero*, 225 Fed. App'x 813, 815 (11th Cir. 2007). Christian agreed to the use of this "relevant conduct" information for sentencing purposes by providing that information to the Court in his sworn Factual Basis, which was submitted to the Court at the same time Christian entered his guilty plea. (D.E. 7, Ex. 6, at 2–3.) During his plea colloquy, Petitioner Christian Angarita affirmed under oath that he had reviewed with counsel the facts contained in his Factual Basis and agreed to their veracity. (D.E. 7, Ex. 4, at 19.) And as discussed above, there is no basis on which the Court could conclude that Christian did not knowingly and voluntarily enter into the Plea Agreement, which incorporated the agreed Factual Basis in question. Accordingly, Christian Angarita's Factual Basis provided the Court with an independent source of the information he provided to the Government, which was used as "relevant conduct" for the

12

purpose of determining his guidelines sentence range.  The Court's consideration of such information thus did not run afoul of §1B1.8(a) of the Sentencing Guidelines, and counsel's failure to object to such use of the information was, thus, not deficient.  *Rivero*, 225 Fed. App'x at 815.  Accordingly, Petitioner Christian Angarita's claim of ineffective assistance of counsel on this point is meritless.

## Conclusion

The Court has conducted a thorough, *de novo* review of the record.  Upon careful consideration of the objections presented by Petitioners, the undersigned ultimately agrees with the analysis contained in the Magistrate Judge's Report for the reasons stated above.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 14) is RATIFIED, ADOPTED, AND AFFIRMED.  Petitioners' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (D.E. 1) is DENIED.

DONE and ORDERED in Chambers, at Miami, Florida this 19th day of July, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record

13